IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY DEWAYNE JAMERSON, #02259378 | § § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:21-cv-01688-E (BT) |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Anthony Dewayne Jamerson, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Jamerson's petition and dismiss his claims with prejudice.

**Background**

In 2019, a Dallas County jury convicted Jamerson of aggravated robbery and sentenced him to seventy-five years in prison. *See State v. Jamerson*, No. F-1857615. Jamerson represented himself at the trial.

The Fifth District Court of Appeals affirmed Jamerson's conviction, *see Jamerson v. State*, No. 05-19-00685-CR, slip op. (Tex. App.-Dallas 2020, pet. ref'd), and the Texas Court of Criminal Appeals (CCA) refused

1

discretionary review. *Jamerson v. State*, P.D.R. No. 0797-20 (Tex. Crim. App. 2020). Thereafter, Jamerson filed a state habeas application challenging his conviction, which the CCA denied without a written order. State Habeas Ct. R. (ECF No. 9-24) at "Action Taken" sheet. Jamerson also filed a second state habeas application, which the CCA dismissed as subsequent. State Habeas Ct. R. (ECF No. 9-22) at "Action Taken" sheet.

Jamerson then filed his § 2254 petition (ECF No. 3) and a memorandum in support (ECF No. 4) in this Court, in which he argues:

(1)   the trial court violated his rights under *Faretta v. California*, 422 U.S. 806 (1975), when it failed to hold a hearing at the proper time;

(2)   the trial court abused its discretion when it commented on the weight of the evidence;

(3)   his appellate attorney provided ineffective assistance of counsel when he filed a brief under *Anders v. California*, 386 U.S. 738 (1967); and

(4)   the trial court violated his statutory rights when it prevented him from making an opening statement at the appropriate time.

The Director filed a response arguing that Jamerson's petition should be denied and dismissed with prejudice because his fourth claim is unexhausted and procedurally barred, and the remaining three claims lack merit. Jamerson filed a reply. Thus, his claims are fully-briefed and ripe for determination.

2

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U. S. C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

A.   Jamerson's fourth claim is procedurally barred.

In his fourth claim, Jamerson argues that he was denied the statutory right to make an opening statement before the trial court and jury at the appropriate time. Pet. 7 (ECF No. 3); Mem. 16-17 (ECF No. 4); *see also* Reply 7 (ECF No. 18). Jamerson raised this claim in a state habeas application, and it was dismissed on state procedural grounds. State Habeas Ct. R. (ECF No. 9-22) at "Action Taken" sheet (found to be a subsequent application). Thus, this claim is procedurally defaulted, and the Court is barred from addressing it on the merits.[1]

A federal habeas court is procedurally barred from reviewing a claim when the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Davila v Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *Beard v. Kindler*, 558 U.S. 53, 55 (2009)); *see also Rocha v. Thaler*, 626 F.3d 815, 820 (5th Cir. 2010) (citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)). A habeas claim can be procedurally defaulted in two ways: (1) the claim has not been presented to the highest state court and it is unexhausted; or (2) the claim has been presented to the highest state court, but that court dismissed the claim on a state-law procedural ground rather than deciding it on the merits. *Rocha*,

---

[1] Even if Jamerson's fourth claim were not procedurally defaulted, it would fail on the merits. Jamerson made an opening statement during his trial on April 9, 2019. 2 Reporter's R. (ECF No. 9-17) at 15.

4

626 F.3d at 820. A federal habeas court is bound by the independent and adequate state grounds doctrine, which provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991); *see also* Engle v. Isaac, 456 U.S. 107, 129 (1982). The independent and adequate state grounds doctrine "ensures that federal courts give proper respect to state procedural rules." Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). When a state prisoner has defaulted on his federal habeas claim in state court under an independent and adequate state procedural ground, he can overcome the procedural default bar only if he can show: (1) actual innocence, Murray v. Carrier, 477 U.S. 478, 497 (1986), or (2) "cause for the default" and "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750 (quoting Wainwright v. Sykes, 433 U.S. 74, 84 (1972)).

The state explicitly found that Jamerson's fourth claim was subsequent under Texas Code of Criminal Procedure article 11.07, § 4(a)-(c). State Habeas Ct. R. (ECF No. 9-22) at "Action Taken" sheet. In the Fifth Circuit, article 11.07, § 4 provides an adequate and independent state procedural ground to bar federal habeas review. Fearance v. Scott, 56 F.3d

5

633, 642 (5th Cir. 1995) (citing *Coleman,* 501 U.S. at 729-730); *see also Smith v. Johnson,* 216 F.3d 521, 523 (5th Cir. 2000).

Jamerson has not demonstrated cause to overcome his procedural default, and he has not shown actual prejudice. The state court's reliance on a procedural bar precludes this Court from granting relief. *See Davila,* 137 S. Ct. at 2064. Jamerson's fourth claim is procedurally barred, and it should be dismissed with prejudice.

B.  <u>Jamerson's first and second claims were reasonably denied by the state court.</u>

Jamerson argues in his first claim that he was denied his state and federal Constitutional rights under *Faretta*. Pet. 6 (ECF No. 3); Mem. 10-12 (ECF No. 4); *see also* Reply (ECF No. 18) at 2-3. In his second claim, he argues that the trial court abused its discretion when the trial judge commented on the weight of the evidence by referring to medical records. Pet. 6 (ECF No. 3); Mem. 12-15 (ECF No. 4); *see also* Reply (ECF No. 18) at 4-5. Jamerson further argues that the trial court's abuse of discretion impacted the jury's determination. Pet. 6 (ECF No. 3).

"[A] state defendant has no constitutional right to an errorless trial." *Bailey v. Procunier,* 744 F.2d 1166, 1168 (5th Cir. 1984) (citing *Banks v. McGougan,* 717 F.2d 186, 190 (5th Cir. 1983)). Rather, on federal habeas review, a court is limited to determining whether a conviction violated the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire,*

6

502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine the state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *see also* Hill v. Johnson, 210 F.3d 481, 491 (5th Cir. 2000). When a petitioner alleges a trial court error, he is entitled to federal habeas relief only if the error had a substantial and injurious effect on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see also* *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). A petitioner must show that "there is more than a mere reasonable probability that [the court's error] contributed to the verdict. It must have had a substantial effect or influence in determining the verdict." *Woods v. Johnson*, 75 F.3d 1017, 1026 (5th Cir. 1996).

   1. No *Faretta* violation occurred.

Jamerson argues in his first claim that the trial court committed error under *Faretta*. Pet. 6 (ECF No. 3); Mem. 10-12 (ECF No. 4). Specifically, he contends that he asserted his right to self-representation before the jury was empaneled, but his "Fareta Rights" were denied when he was precluded from addressing the trial court and jury at the "appropriate point in the trial." Pet. 6 (ECF No. 3).

Under the Sixth Amendment to the United States Constitution, a criminal defendant has the right to the assistance of counsel. U.S. Const.

7

amend. VI; *see also Phillips v. Hooper*, 2022 WL 327017, at *4-5 (5th Cir. Feb. 3, 2022) (per curiam). The Sixth Amendment also implicitly affords a criminal defendant the right to represent himself and proceed *pro se*. *Batchelor v. Cain*, 682 F.3d 400, 406 (5th Cir. 2012) (citing *Faretta*, 422 U.S. at 818-21); *see also United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010). For a criminal defendant to represent himself, he must first make a knowing and intelligent waiver of his right to counsel and clearly and unequivocally assert the right to represent himself. *Faretta*, 422 U.S. at 835; *see also Long*, 597 F.3d at 724. Before a trial court accepts a criminal defendant's waiver of counsel, it must conduct what is referred to as a "*Faretta* hearing." *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008). At a *Faretta* hearing, the court "must caution the defendant about the dangers of such a course of action so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.* at 516 (quotation omitted); *see also Batchelor*, 682 F.3d at 412.

  Before Jamerson was allowed to proceed *pro se*, he requested to represent himself, and the trial court warned him about the dangers of self-representation. The court found him competent to understand the charges and determined he was competent to decide to represent himself. 2 Reporter's R. (ECF No. 9-17) 4-14. Jamerson now appears to argue that because the jury was sworn and he pleaded not guilty between the time he requested to represent himself and the trial court issued *Faretta* warnings,

8

he is entitled to a new trial. Pet. 6 (ECF No. 3); Mem. 10-12 (ECF No. 4). However, Jamerson has failed to demonstrate that the court erred in following this schedule. Moreover, even if the trial court somehow erred, Jamerson has failed to demonstrate the error had a substantial and injurious effect on the verdict. *See Brecht,* 507 U.S. at 637-38; *see also Skillern,* 720 F.2d at 852. The state court's decision to deny relief on Jamerson's first claim was reasonable, and this claim should be denied.

2. The trial judge did not err by commenting on the weight of the evidence.

In his second claim, Jamerson argues that the trial court erred by commenting on the weight of the evidence and making other inconsequential statements. Pet. 6 (ECF No. 3); Mem. 12-15 (ECF No. 4).

Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson,* 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell,* 293 F.3d 256, 263 (5th Cr. 2002) (noting that where a habeas petitioner fails to brief an argument

9

adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Jamerson's argument that the trial court erred by making inappropriate comments is conclusory and does not entitle him to any relief. His argument lacks the necessary detail this Court needs to properly address it. Because Jamerson's second claim is simply too brief, it is impossible to determine the exact nature of this claim. Therefore, Jamerson's second claim is subject to summary dismissal. Additionally, even if the trial court somehow erred, he has failed to demonstrate that the error had a substantial and injurious effect on the verdict. *See Brecht*, 507 U.S. at 637-38; *see also Skillern*, 720 F.2d at 852. The state court's decision to deny Jamerson relief on his second claim was reasonable, and the claim should be denied. *See Blackledge*, 431 U.S. at 74.

C.      Jamerson's third claim was reasonably denied by the State court.

In his third claim, Jamerson argues that his Sixth Amendment rights were violated by court-appointed counsel on direct appeal. Pet. 7 (ECF No. 3); Mem. 15 (ECF No. 4); *see also* Reply (ECF No. 18) 6. Specifically, he contends that his appellate attorney did not use federal and state laws to protect his Constitutional rights "to a [sic] arguable Direct Appeal." Pet. 7

10

(ECF No. 3). Jamerson concludes that he "was denied [his] Constitutional right to a Direct Appeal" when his attorney filed an *Anders* brief. *Id.*

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey,* 469 U.S. 387, 394 (1985). "For although . . . indigent [defendants] generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Smith v. Robbins,* 528 U.S. 259, 278 (2000) (footnote omitted) (citing *McCoy v. Court of Appeals of Wis., Dist. 1,* 486 U.S. 429, 436-38 (1988)). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *Smith,* 528 U.S. at 285; *see also Blanton v. Quarterman,* 543 F.3d 230, 240 (5th Cir. 2008) ("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard."). When an ineffective assistance of counsel claim is based on the failure to raise certain issues on direct appeal, courts have refused to find the attorney ineffective when the proposed issues are meritless. *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981); *see also Hooks v. Roberts,* 480 F.2d 1196, 1197 (5th Cir. 1974). An attorney is not required to consult with his client about the legal issues to be presented on appeal. *Hooks,* 480 F.2d at 1197. To demonstrate prejudice in the context of an appellate counsel claim, a petitioner must show a

11

reasonable probability that he would have prevailed on his appeal. *Smith,* 528 U.S. at 285.

Jamerson's third claim fails under both prongs of the *Strickland* standard. Specifically, he fails to demonstrate that his appellate attorney provided deficient performance on appeal. For instance, Jamerson has failed to identify a non-frivolous claim his appellate attorney could have raised. *See Smith,* 528 U.S. at 288. Likewise, Jamerson has not shown he suffered prejudice. *See Cantu v. Collins,* 967 F.2d 1006, 1017 (5th Cir. 1992) (the petitioner alleged ineffective assistance by appellate counsel for failing to raise two issues, both issues were raised and determined to be meritless, and his claim of appellate attorney error was determined to be "frivolous"). Moreover, Jamerson's third claim was denied by the state court, and he has not shown this was "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Moore v. Cockrell,* 313 F.3d 880, 881 (5th Cir. 2002). Consequently, Jamerson's third claim should be denied.

D.  <u>Jamerson has failed to meet his burden under the AEDPA.</u>

Last, Jamerson fails to meet his burden of proof under the AEDPA. Specifically, the CCA's denial of his claims served as an adjudication on the merits. State Habeas Ct. R. (ECF No. 9-24) at "Action Taken" sheet (ECF No. 9-24); *see* 28 U.S.C. § 2254(d); *see also Valdez v. Cockrell,* 274 F.3d 941, 950 (5th Cir. 2001) (noting that under the AEDPA, there is a deferential standard

of review, and a federal court must defer to a state court adjudication on the merits). An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); *see also Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").

In sum, this Court must defer to the state court's determinations. Because the state habeas court's rejection of Jamerson's claims did not "result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" he is not entitled to relief. 28 U.S.C. § 2254(d)(1); *see also Moore,* 313 F.3d at 881.

## Recommendation

For the foregoing reasons, the Court should deny Jamerson's § 2254 petition and dismiss his claims with prejudice.

Signed December 29, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).